### C. A. REIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107162.   Promulgated November 12, 1942.

*Thos. E. Sandidge, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, for the respondent.

OPINION.

DISNEY, *Judge:* The petition herein was filed for the purpose of redetermining deficiencies in income taxes for 1935 and 1936 in the respective amounts of $632.17 and $5,892.25. The issues raised by the petition are (1) whether assessment of the deficiencies is barred by the statute of limitations; (2) the correct basis of certain property sold during each of the taxable years; and (3) whether the property sold represented sales of capital assets. By an amended answer filed at the hearing respondent asked that the deficiencies be increased to $677.53 in 1935 and $6,132.30 in 1936, alleging that he erroneously included certain amounts in the cost basis of property sold in the taxable years. The stipulation of facts filed by the parties is included herein by reference as part of our findings of fact.

In part, it is stipulated that the income tax returns of the petitioner for the taxable years 1935 and 1936 were filed with the collector of internal revenue, Louisville, Kentucky, on or before March 15, 1936, and on or before March 15, 1937, respectively. From other evidence adduced and admissions, we further find that the notice of deficiency

for the taxable years was mailed to the petitioner on February 7, 1941. No evidence was adduced by either party as to the amount of gross income reported in the returns.

We are confronted in this proceeding first with a contention by the petitioner that the three-year period of limitation had run at the time of assessment, under section 275 (a) of the Revenue Act of 1936. The Commissioner argues on his part that section 275 (c) applies to give a five-year limitation, and that within that period assessment was made. Section 275 (a) and (c) is set forth in the margin.[1] That the three-year period had run, there can be no doubt. The notice of deficiency for both years was mailed to the petitioner on February 7, 1941, more than three years and less than five years after either return was filed. Section 275 (c) provides that if the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed within five years after the return was filed, whereas the "general rule" stated in section 275 (a) requires assessment within three years after the return is filed. The tax returns of the petitioner for the taxable years were not introduced in evidence by either party, and the parties herein both state that there is no proof in the record, of "the amount of gross income stated in the return," under section 275 (c). Though the deficiency notice was introduced, it was only for the limited purpose of showing the manner in which the Commissioner computed the basis allowed in arriving at the deficiency. It does not constitute evidence of the gross income "stated in the return," or of the amount "properly includible" in gross income which was omitted from the return. *Emma B. Maloy*, 45 B. T. A. 1104. It does not show nor indicate the gross income stated in the return. Neither party relies upon the deficiency notice for such proof. The difference between them is that each urges that the burden of proof was upon the other, and that, the record not showing the requisite proof, he should prevail. The question, therefore, for our solution is: Who has the burden of proof? The petitioner argues, in short, that the respondent failed to adduce evidence to comply with his burden of showing an exception to the three-year rule provided in sec-

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.
Except as provided in section 276—
(a) GENERAL RULE.—The amount of income taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

tion 275 (a); the respondent's position appears to be that the burden of proof is upon the petitioner, because he determined in the deficiency notice that the plea of limitations under section 275 (a) "is denied. It is held that timely assessment of the deficiencies may be made under the provisions of Section 275 (c) of the said Revenue Acts"; and because his determination in that respect is prima facie correct and it is incumbent on the petitioner to show otherwise by showing that he did not omit from his return 25 percent of gross income properly includible.

Regulations 86 and 94 twice emphasize that section 275 (c) is recognized and called an exception to section 275 (a). Article 275–1 reads as follows:

*Period of limitation upon assessment of tax.*—The amount of income tax imposed by the Act must be assessed within three years after the return was filed. For the purposes of subsections (a), (b), and (c) of section 275 of the Act, a return filed before the last day prescribed by law for the filing thereof shall be considered as filed on such last day. *Exceptions* to the period of limitation stated in this paragraph (other than those provided for elsewhere than in the internal revenue laws) are as follows: [Emphasis supplied.]

\* \* \* \* \* \* \*

(4) If there is omitted from the gross income stated in the return an amount properly includible therein which is in excess of 25 per cent of the gross income so stated, the tax may be assessed at any time within five years after the return was filed.

Article 275–2, with reference to a proceeding in court without assessment, likewise recognizes the exception, for it reads as follows:

*Period of limitation upon collection of tax.*—In the case of the income taxes imposed by the Act, a proceeding in court without assessment for the collection of such tax must be begun within three years after the return was filed.

The *exceptions* to the period of limitation upon collection of the tax without assessment stated in the preceding paragraph are as follows: [Emphasis supplied.]

\* \* \* \* \* \* \*

(3) If there is omitted from the gross income stated in the return an amount properly includible therein which is in excess of 25 per cent of the gross income so stated, a proceeding in court for the collection of the tax may be begun without assessment at any time within five years after the return was filed.

It is to be noted that both articles, 275–1 and 275–2, list together without distinction the exceptions to the general rule contained in sections 275 and 276 of the Revenue Acts of 1934 and 1936.

*Anna M. B. Foster*, 45 B. T. A. 126, plainly regards section 275 (c) as an exception to 275 (a). The issues therein are stated:

The issues are whether the sum of $10,302.20 received by petitioner's transferor was income to her and, if so, whether the failure to include in her return this sum as gross income operates to *suspend* the statute of limitations. [Italics supplied.]

The Board held that the omission of 25 percent of gross income, properly includible, "*extends* the statutory period for assessment"; also, that "The period for determining a deficiency is limited to 18 months *unless* the force of this section is nullified by section 275 (c)." (Emphasis supplied.) That case involved section 275 (b). The Board followed this statement by quoting section 275 (c), and then said:

  \*   \*   \*   The reports of the House Ways and Means Committee and of the Senate Finance Committee relating to this subsection, which was added in 1934, leave no doubt that it was meant to *limit* subsections (a) and (b).   \*   \*   \* [Emphasis supplied.]

We thus recognize that section 275 (c) is not an independent section setting up a statute of limitations different from, and unconnected with, the limitation set up in section 275 (a), but that section 275 (c) was merely "meant to limit" section 275 (a), and that it "extends the statutory period for assessment." An exception to a statute could hardly be more clearly indicated, particularly where section 275 (a) expressly states the "general rule" and is followed by subsections (b) and (c), plainly indicating exceptions to such general rule. Moreover, as above seen, all exceptions incorporated in sections 275 and 276 are listed together in the regulations and specifically called "exceptions." The respondent in his answer, after denying, *inter alia*, petitioner's allegation that the three-year period of limitation had expired, "further answering", specifically alleged that the petitioner had omitted from gross income an amount properly includible therein in excess of 25 percent of gross income, "thereby extending the period of limitation for which such tax may be assessed, \*   \*   \* for five years after the filing of his returns." This is recognition that the period of limitation is three years, and that proof of "extending the period" is the burden of one so relying on extension. It is to be noted also that the particular provisions of section 275 (c) were added in 1934, to the general statute of limitation existing long prior to that time. A proviso or exception to a statute need not be specifically so termed, if in fact such proviso or exception is laid down. "\*   \*   \* its existence and effect are to be determined rather by the matter and substance than by its form." 59 C. J. 1088, citing *McDonald* v. *United States*, 279 U. S. 12; *Georgia Railroad Co.* v. *Smith*, 128 U. S. 174. We think it plain that an exception to the general rule of section 275 (a) is stated in section 275 (c).

The Board has held many times, in accord with general law, 37 C. J. 124, that, where the respondent relies upon an exception to a statute of limitation, he has the burden of proving facts to establish such exception. *Frank E. Harris Co.*, 16 B. T. A. 469; *Annie P. Kountze*, 17 B. T. A. 928; *Harry Ekdahl*, 18 B. T. A. 1230; *Carnation Milk Products Co.*, 15 B. T. A. 556; *H. G. Stevens*, 14 B T. A. 1120;

*Farmers Feed Co.*, 10 B. T. A. 1069; *Dunson Mills*, 10 B T. A. 1150; *Bonwit Teller & Co.*, 10 B. T. A. 1300. In general, therefore, the respondent herein has the burden of proof of establishing an exception to the three-year limitation. He does not, specifically at least, argue otherwise. In *E. J. Lorie*, 21 B. T. A. 612, on this question and referring to the petitioner as proving the statute of limitation, the Board said:

* * * He must make a *prima facie* case, which ordinarily means proof of the filing of the statutory return and the expiration of the statutory period; whereupon the respondent must go forward with countervailing proof. * * *

The Board quoted and relied upon this language in *M. A. Nicholson and Big Chief Lease*, 22 B. T. A. 744. Does the determination, above recited, in the deficiency notice, relieve him of that burden? We think it is clear that it does not. The two cases relied upon do not support the contention: In *Anna M. B. Foster, supra*, evidence was adduced to show the gross income shown in the return within the purview of section 275 (c); and there appears no question of burden of proof, but only as to whether certain interest was "properly includible" in gross income. Conversely, *Refiners Production Co.*, 43 B. T. A. 481, merely involved a plea by the petitioner of limitations under section 275 (a), Revenue Act of 1932, and a failure of proof by the petitioner in that it did not prove when the return was filed. No question of the burden of proof is therein suggested.

We are unable to conceive that the presumption of the correctness of a deficiency notice, which in the ordinary case the petitioner must meet, was intended by Congress to be used as a substitute for evidence in a case where the respondent has the burden of proof as here he has under the various cases first above cited. To adapt a classic to the case, the deficiency notice is a shield, not a sword. It is a defense where the petitioner has the onus of proof, not a weapon where the respondent has the burden. The respondent, under the theory he advances here, might with equal logic contend that he could escape the burden of proof of fraud in a case involving fraud, under section 293 (b), or the burden of proving that a return was "false and fraudulent * * * with intent to evade tax" under section 276 (a), of the various revenue acts, merely by making a determination of fraud or fraudulent intent to evade tax. Yet, under all decisions he can not so escape his burden. The fact that the burden is in some instances placed upon the respondent by statute does not distinguish such cases from the instant matter. The burden is upon the respondent, whether by statute or the decisions above cited; he can not evade it by mere determination of the very facts upon which the Court must pass. In *John Kehoe*, 34 B. T. A. 59, in which the Board was sustained in *Helvering* v. *Kehoe*, 309 U. S. 277, the respondent was held

14

to have sustained his burden of showing that the return was false and fraudulent with intent to evade tax, and that the tax might be assessed at any time. We hold that the respondent herein had the burden of proof, that it has not been met, and that the three-year statute of limitation has run. It is therefore unnecessary to find the facts upon, or consider, remaining issues.

Reviewed by the Court.

*Decision of no deficiency will be entered.*

TURNER, *J.*, dissents.