Roy E. Jones and Merle S. Jones v. Commissioner.
Jones v. Commissioner
Docket No. 31108.
United States Tax Court
1951 Tax Ct. Memo LEXIS 11; 10 T.C.M. (CCH) 1234; T.C.M. (RIA) 51363; December 26, 1951
Leonard A. Marcussen, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined a deficiency of $1,225.11 in petitioners' income tax for 1945, to which he added a 5 per cent negligence penalty of $61.25 under the sanction of section 293 (a). Petitioners did not appear at the hearing of the case to contest the deficiency or penalty and respondent moved for judgment for failure to prosecute. In their petition, petitioners plead the bar of the statute of limitations. Respondent denies the bar, contending that petitioners omitted from gross income an amount in excess of 25 per cent of the gross income stated in the return. (Section 275 (c), I.R.C.). Thus an issue is raised by the pleadings. To establish his contention, respondent submitted in *12 evidence only the tax return of petitioners for the year 1945, which was received March 15, 1946. The notice of deficiency is dated August 8, 1950. Since August 8, 1950 is more than three years after the filing of the return, the statute of limitations stands as a bar to the action of respondent unless the provisions of section 275 (c), allowing five years for action by the Commissioner, may be invoked. In the posture of the parties here existing, respondent had the burden of proof that section 275 (c) is applicable. Such burden was not discharged by the submission of petitioners' tax return, with nothing more. The notice of deficiency is not here a part of the evidence, nor is it self-proving. See C. A. Reis, 1 T.C. 9, affirmed 142 Fed. (2d) 900. We hold that respondent's motion for dismissal is not well based and that, on the issue before us, respondent has not proved the prime essential to the invoking of section 275, namely, the amount of petitioners' income. Accordingly, the statute of limitations is not extended from three to five years and the statute stands as a bar to the tax and penalty here involved. Decision will be entered for the petitioners. *13