John Lima and Marion Lima v. Commissioner.
Lima v. Commissioner
Docket No. 29657.
United States Tax Court
1952 Tax Ct. Memo LEXIS 329; 11 T.C.M. (CCH) 114; T.C.M. (RIA) 52033; February 8, 1952
*329 Petitioners filed an amended income tax return for the year 1945 on June 4, 1946. The notice of deficiency was mailed on April 28, 1950. Respondent alleges fraud or, if no fraud, that petitioners omitted income in excess of 25 per cent of the gross income reported so as to make the five-year statute of limitations applicable. Held, under all the facts, respondent has failed to sustain his burden of proof to show why the three-year statute of limitations should not apply, and, therefore, assessment of any deficiency is barred. W. S. Miller, Jr., Esq., and E. Chas. Eichenbaum, Esq., Boyle Bldg., Little Rock, Ark., for the petitioner. W. B. Riley, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax and penalty for the taxable year 1945 as follows: Year
Income Tax
Penalty
1945
$1,280.76
$640.38
The issues to be decided are: (1) the amount of gain or loss realized by petitioners on the sale of two pieces of realty, one located at 700-702 East 3rd Street, and the other at 105 West 24th Street, both in North Little Rock, Arkansas; (2) whether any part of the deficiency determined is due to fraud with intent to evade tax; and (3) whether, if no fraud is found, petitioners omitted from gross income for the year amounts properly includible therein in excess of 25 per cent of the gross income reported in the return so as to make the five-year statute of limitations applicable for the year. Findings of Fact Petitioners, John and Marion Lima, husband and wife (sometimes hereinafter referred to as John and Marion), filed a joint income tax return for the year 1945 with the collector *331 of internal revenue for the district of Arkansas. An amended joint income tax return for the same year, which formed the basis of the deficiency herein, was filed on June 4, 1946. The notice of delinquency was mailed to petitioners on April 28, 1950. In their amended return petitioners included the following: "LETTER OF EXPLANATION "The AMENDED return herewith attached was necessary owing to adjustments made by your Department after an investigation of the taxpayer's return for the years of 1942 & 1943. "Taxpayer is also filing today an AMENDED return for the year 1944 with letter explaining the unsatisfactory conditions of his records when revealed by his former bookkeeper and auditor. "Taxpayer and his agent have endeavored to compile a complete and accurate report of all income and expense, throughout the period under review and as listed in the above mentioned records together with some facts as recalled by the Taxpayer. "During the year 1945 Taxpayer filed a 1040ES and paid $200.00 on estimate. The Department refunded $4.00 leaving $196.00 credit due Taxpayer as set up on 1945 AMENDED return. "Taxpayer requests the Department to audit and verify the above mentioned *332 AMENDED returns at the earliest possible date so that he may feel secure in any current business transaction." The following schedule sets forth the items and amounts of gross income, adjusted gross income and net income reported by petitioners for 1945, and the determinations by respondent: Reported
Determined by
Item
on Return
Respondent
Rental Income
$ 682.34
$ 682.34
Interest Income
221.63
221.63
Capital Gains
3,099.75
7,213.47
Total Gross Income
$4,003.72
$7,213.47
Less: Loss from Operation of Business
3,336.12
854.24
Adjusted Gross Income
$ 682.34 [1]
$6,359.23
Less: Itemized Deductions
266.97
266.97
Reported Net Income
$ 415.37
$6,092.26
Petitioners reported a long-term capital gain realized upon the sale of property they owned, located at 700-702 East 3rd Street, as follows: Gross Sales Price
$16,000.00
Add: Prior Depreciation
1,102.50
$17,102.50
Less: Cost or Other Basis
10,000.00
Long-Term Capital Gain
$ 7,102.50
Taxable Portion (50%)
$ 3,551.25
In his notice of deficiency, respondent redetermined *333 the long-term capital gain upon the sale of said property as follows: Gross Sales Price
$20,000.00
Add. Prior Depreciation
1,102.50
$21,102.50
Less: Cost or Other Basis
$2,500.00
Expense of Sale and Cost of Improvements since Acquisition
5,500.00
8,000.00
Long-Term Capital Gain
$13,102.50
Taxable Portion (50%)
6,551.25
Petitioners acquired this property in about 1939 at a cost of $2,500. It consisted of two lots from which petitioners removed two old frame shacks located thereon and did some filling in to level the lots. Two new buildings were constructed by the petitioners on the property in 1939 and 1940. The first building was of frame construction with a concrete floor and plaster walls. The original portion was about 22 X 32 feet. Subsequently, an addition of approximately 18 X 32 feet was added. This building was rented for use as a drive-in cafe. The second building, constructed of rock, was about 14 X 20 feet and was rented as a liquor store. This property was sold on June 16, 1945, to Tommie J. Brooks and Troy Johnson. On the evening of June 15, 1945, Brooks talked to John Lima in the latter's front yard at which time the selling *334 price was agreed upon. Brooks paid Lima $1,000 cash that evening which the latter took into the house and gave to Marion to place it in a safe which they had in their home. Johnson gave Brooks $5,000 cash which the latter turned over to petitioners on June 16, 1945. Both Johnson and Brooks signed a $10,000 note as part of the purchase price. Petitioners' business bank account showed a deposit of $6,000 on June 18, 1945. Brooks' bank account showed a withdrawal of $1,000 on June 16, 1945, and there were no other withdrawals by Brooks from his bank account approximating $4,000 at any time close to the date of sale of the property. Brooks and Johnson were partners in a business engaged in the purchase and sale of secondhand automobiles. They did not purchase this property for any partnership use. The liquor store situated on the property was operated by Johnson. Johnson had no direct negotiations at the time of the sale with either of the petitioners, the negotiations having been handled by Brooks. Johnson was renting the store from petitioners on a monthly basis. Several days prior to the sale, Johnson was informed by John Lima that another man was attempting to purchase the property *335 but that he would give Johnson first chance to buy it at $20,000. On June 16, 1945, petitioners met Brooks in the office of Solon Humphreys, a real estate agent who drew up the deed for the sale. Revenue stamps indicating a selling price for the property of $20,000 were placed on the deed. John objected to this amount, maintaining he had only received $16,000; but Humphreys informed him that it made no difference "you could put more on there." In their amended tax return, petitioners reported a long-term capital loss sustained by the sale of property located at 105 West 24th Street, as follows: Gross Sales Price
$2,250.00
Add: Prior Depreciation
375.00
$2,625.00
Less: Cost or Other Basis
3,500.00
Long-Term Capital Loss
$ 875.00
Loss Taken into Account (50%)
437.50
In his deficiency notice, respondent redetermined this loss as follows: Gross Sales Price
$2,250.00
Add: Prior Depreciation
375.00
$2,625.00
Less: Cost or Other Basis
$ 275.00
Expense of Sale and Cost of Improvements
3,000.00
3,275.00
Long-Term Capital Loss
$ 650.00
Loss Taken into Account (50%)
325.00
John acquired the property, an unimproved *336 lot, in 1934. The original purchase price is not in issue. It had a 50 foot frontage on the street and was 150 feet deep. The lot had a sloping surface, and the petitioners built a retaining wall along one side and across the rear of the lot and did some filling in with dirt. Petitioners produced no records, checks, or memoranda to support the estimated cost of improvements on either of the properties. The figures appearing in their amended tax return for 1945 were estimates made by petitioners and their accountant since the records had been destroyed by fire. The accountant had not worked on petitioners' records at the time the improvements were made. No witnesses or evidence (other than petitioners' and their accountant's testimony) were introduced by either side at the hearing to corroborate either the estimated cost petitioners claimed in their amended return, or the amounts which respondent maintained were proper. No part of the deficiency determined by the respondent for 1945 is due to fraud with intent to evade tax. Petitioners did not omit from gross income an amount properly includible therein which was in excess of 25 per centum of the amount of gross income stated *337 in their joint return. The assessment of any deficiency is barred by the statute of limitations. Opinion RICE, Judge: Since more than three years expired between the filing of the amended return by petitioners for the year 1945 and the mailing of the notice of deficiency by respondent to petitioners, respondent has the burden of proof to show that this case falls within one of the exceptions to the three-year statute of limitations. Respondent has affirmatively pleaded that this case comes within section 276 (a), or, in the alternative, section 275 (c) of the Internal Revenue Code. [2]
*338 Petitioners conceded the correctness of respondent's adjustments with the exception of those redetermining the capital gain realized on the sale of property located at 700-702 East 3rd Street and the capital loss sustained on the sale of property located at 105 West 24th Street. Petitioners also contest the assertion of the fraud penalty or that they omitted amounts from gross income for 1945 in excess of 25 per cent of the gross income reported in their return. The parties are in dispute as to the selling price of the property located at 700-702 East 3rd Street. Petitioners claim that the total consideration was $16,000 while respondent maintains that it was $20,000. They agree that a $10,000 note was received as partial consideration, and the dispute centers upon the amount of cash received. The parties are in agreement that on the evening of June 15, 1945, John received $1,000 from Brooks and that on June 16, 1945, petitioners received $5,000 from Brooks, which was the money that Johnson had turned over to Brooks as part of his share of the purchase price. Both John and Marion testified that this was the only cash which they received as partial consideration for the sale. *339 Brooks testified that on June 16, in addition to giving petitioners the $5,000 he received from Johnson, he gave petitioners $4,000 of his own money. Brooks had informed both petitioners' and respondent's attorneys that he had obtained the $4,000 from his bank account. At the trial he testified that he thought he had withdrawn the additional $4,000 from his bank account but that he might have had the cash on hand since he often had cash available because of his used-car dealings. We have found as a fact that Brooks' bank account showed a withdrawal of $1,000 on June 16th and no other withdrawals approximating $4,000 at any time close to the date of sale of the property. While it is true that revenue stamps indicating a selling price of $20,000 were put on the deed, this was not done at the suggestion of either of the petitioners. Marion testified that it was at Brooks' suggestion. At the time, John objected to having this amount put on the deed but was reassured by Humphreys. Respondent asserts fraud upon the theory that $20,000 rather than $16,000 was the selling price for the property located at 700-702 East 3rd Street. It should be remembered that in their amended return petitioners *340 included a written request that an immediate audit be made, which is not indicative of fraud. Under all the facts in the record, we feel that respondent has failed to prove that the selling price of the property was more than $16,000 or that any part of the deficiency was due to fraud with intent to evade taxes. Another question existing in this case is the bases which petitioners had in the property located at 700-702 East 3rd Street and that located at 105 West 24th Street. Respondent determined in his notice of deficiency that the cost of improvements at 700-702 East 3rd Street was $2,000 less than that claimed by petitioners and the cost of improvements at 105 West 24th Street was $225 less. Respondent's alternative contention is that petitioners omitted from their gross income an amount in excess of 25 per cent of the gross income which they reported in their return. Since this is affirmatively pled by respondent, he has the burden of proof. C. A. Reis, 1 T.C. 9 (1942), affd. 142 Fed. (2d) 900 (C.A. 6, 1944), and cases cited therein. Petitioners concede the correctness of certain adjustments made by respondent, but these adjustments are insufficient *341 to constitute an omission of more than 25 per cent of gross income. Therefore, it is necessary for respondent to prove the omission of additional amounts. Since we have found that the selling price did not exceed $16,000 for the property located at 700-702 East 3rd Street, it rested upon respondent to prove the amounts which petitioners claimed as cost of improvements on the property sold in 1945 were excessive in an amount sufficient to result in petitioners having understated their gross income by an amount in excess of 25 per cent of that which they did report. We feel that respondent has failed to prove that the amounts claimed by petitioners were unreasonable. While it is true that they were based on estimates made by petitioners, this was because petitioners' records had been burned while in the custody of a former bookkeeper. We hold that the respondent has failed to prove that this case falls within any exception to the three-year statute of limitations provided in section 275 (a), and that the assessment of any deficiency is therefore barred. Decision will be entered for the petitioners. Footnotes
1. This figure resulted from a mathematical error in their return which petitioners have conceded.↩
2. SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION. Except as provided in section 276 - (a) GENERAL RULE. - The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. * * *
(c) OMISSION FROM GROSS INCOME. - If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed. * * *
SEC. 276. SAME - EXCEPTIONS. (a) FALSE RETURN OR NO RETURN. - In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.↩