Howard Gault v. Commissioner. Edna Gault v. Commissioner.
Gault v. Commissioner
Docket Nos. 27193, 27194.
United States Tax Court
1952 Tax Ct. Memo LEXIS 119; 11 T.C.M. (CCH) 792; T.C.M. (RIA) 52241; July 31, 1952
Arthur Glover, Esq., and Walter G. Russell, Esq., 310 Amarillo Bldg., Amarillo, Texas, for the petitioners. W. B. Riley, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The respondent determined the following deficiencies in income tax in these consolidated proceedings: Docket
No.
Petitioner
Year
Deficiency
27193
Howard Gault
1945
$9,328.03
27194
Edna Gault
1945
9,253.03
Two major issues are presented for determination. *120 The first, were the deficiencies as determined by the respondent barred by the statute of limitations. If the petitioners should fail upon the first issue, as a second issue they have, in the alternative, raised eight assignments of error; each of the alleged errors have a characteristic in common; the alleged error is for respondent's non-acquiescence to certain adjustments or allowances to change the manner in which the specific items or transactions are recorded or are not recorded on petitioner's books. Findings of Fact Some of the facts are stipulated and are so found. Petitioners Howard Gault and Edna Gault, husband and wife, resided in Hereford, Texas, and reported their community income for the year 1945 on separate returns filed on or before March 15, 1946, with the collector of internal revenue for the second district of Texas. An important source of income received in the year 1945 by Howard Gault (hereinafter referred to as the petitioner) was from the operation of a warehouse at which potatoes and other produce were bought, processed and sold. Petitioner also raised potatoes on his own farm, and engaged in other ventures. Petitioner's income tax return for 1945 *121 was prepared by E. C. Eubanks, public accountant, from figures furnished by petitioner or his office manager. Subsequently, at the request of petitioner, Eubanks made a complete audit of petitioner's books and records, and on June 30, 1948, completed and gave to petitioner an audit report covering the year 1945. As a result of Eubanks' report, certain adjustments were made to petitioner's books. Petitioner kept his books and filed his returns on the cash basis. Sometime thereafter, an internal revenue agent examined the books and records of petitioner for the year 1945. In the course of his examination the revenue agent contacted Eubanks and considered the accounting adjustments which were made as a result of the audit. The revenue agent adopted Eubanks' audit report, but he adjusted this report by adding a 1945 closing inventory for fertilizer. The notice of deficiency mailed to the petitioner was dated December 23, 1949, which is more than three years but less than five years after the date on which petitioner's returns were filed. The notice of deficiency was based on Eubanks' audit, except that the auditor's report did not contain any inventory figures for 1945. This report *122 contained numerous errors, and these errors were not adjusted in the deficiency notice. One of these errors was the inclusion in petitioner's gross income of the value of property which he transferred between his farm and his warehouse. Transfers of this nature are like transferring money from his right hand to his left hand; the transfer in itself did not increase petitioner's gross income. The three year statute of limitations, section 275 (a), I.R.C., precludes respondent from determining a deficiency in petitioner's 1945 income tax. Opinion The first issue to be considered is whether the statute of limitations has run so as to preclude the respondent from determining a deficiency in petitioner's 1945 income tax. Section 275 (c) provides that if the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per cent of the amount of the gross income stated in the return, the taxpayer may be assessed within five years after the return was filed, whereas the "General Rule" stated in section 275 (a) requires assessment within three years after the return is filed. Respondent admits that the deficiency was determined *123 after the three-year period had run but contends that the deficiency notice was timely sent within the five-year period allowed under section 275 (c). Respondent further contends that petitioner's gross income was 25 per cent more than that stated in the return. Where respondent relies upon an exception to the statute of limitations, such as he does here, he has the burden of proving facts to establish such exception. W. F. Trimble & Sons Co., 1 T.C. 482, 487; C. A. Reis, 1 T.C. 9, 12. The petitioner filed his 1945 return prior to March 15, 1946. In 1948 he initiated at his own volition an audit of his books for the year 1945. The report of the auditor, E. C. Eubanks, dated June 30, 1948, indicated that there were numerous errors in the 1945 records. As a result of this audit, the books were adjusted to show a more accurate record of petitioner's fiscal affairs. Thereafter, an internal revenue agent investigated petitioner's tax liability. It appears from the record, and we have found as a fact, that the agent adopted Eubanks' report except for a single adjustment, that being a reduction of the cost of goods sold by deducting a closing fertilizer inventory *124 from purchases. The auditor's report contained no record pertaining to any closing inventory figure for 1945. It did, however, contain two figures for a 1944 closing inventory. From the record we find that respondent also determined the deficiency from the auditor's report as modified by the inventory adjustment. At the hearing respondent, while proceeding with his burden of proof, called Eubanks as a witness. In the course of his testimony, evidence was adduced which would indicate that the auditor's report contained numerous errors and that these errors struck the heart of the first issue in this case - the credibility of respondent's determination of petitioner's gross income. Respondent's deficiency notice and the gross income set forth therein were based on an erroneous audit. Respondent made no attempt to expunge these errors from the record nor has he shown us with other independent evidence that despite these errors petitioner's gross income is in excess of 25 per cent of the amount of gross income set forth in the return. Where the burden of proof is upon the respondent, he can not meet his burden by reliance upon evidence which is in itself erroneous. We hold that the *125 respondent herein has not met his burden of proof, and, therefore, the three-year statute of limitations has run so as to preclude a deficiency determination as to petitioner's 1945 income tax. Arguendo, even assuming that the auditor's report was correct and therefore respondent's determination was accurate, there is great doubt in our minds that petitioner's actual gross income was 25 per cent greater than that stated on the return. The return itself indicates "Gross Income" to be $525,516.58. But actually this figure is a report of gross receipts and is not in fact gross income. The return also indicates "Purchases" to be $424,032.38. There are no other amounts, which from their description indicate that they pertain to cost of goods sold. There is other reported income of $325. In accord with the regulations, section 25.22(a)-5, Regulations 111, "Gross Income" in a merchandising business means total sales, less the cost of goods sold, plus any income from investments or outside operations. Therefore, the gross income computed from petitioner's tax return is $101,809.20; this amount increased by 25 per cent is $127,261.50. In comparison, the gross income as shown on the auditor's *126 report was $123,156.55. The gross income on respondent's deficiency notice was $136,231.55. However, this figure included a $13,075 adjustment for closing inventory but excluded $18,664 which was denominated as closing inventory for December 31, 1944, and therefore should be opening inventory for January 1, 1945. There was insufficient evidence to sustain a finding that the inventory adjustment as made by respondent was proper, and without the inventory adjustment respondent's determination of gross income does not exceed that computed from petitioner's return by 25 per cent. Since we have found that the petitioner must be sustained on this first issue, it is unnecessary to find facts upon, or consider, the remaining issues. Decisions will be entered for the petitioners.