J. Frank Moyer v. Commissioner.
Moyer v. Commissioner
Docket No. 28376.
United States Tax Court
1952 Tax Ct. Memo LEXIS 92; 11 T.C.M. (CCH) 928; T.C.M. (RIA) 52274; September 8, 1952
*92 The petitioner operated a garage business owned by him as sole proprietor. Respondent determined deficiencies for the years 1941 through 1946 and imposed 50 per cent fraud penalties after reconstructing the petitioner's income for the years involved on a net worth basis, alleging that the petitioner had understated his income with intent to evade tax. The petitioner produced evidence sufficient to discredit respondent's net worth reconstruction. Held, that the respondent has failed to prove fraud with intent to evade tax and the deficiencies for the years 1941, 1942, 1943 and 1944 are barred by the statute of limitations. The petitioner's admissions are sufficient to bring the year 1945 within the 5-year period of limitations provided by section 275 (c) of the Internal Revenue Code. The year 1946 is open under the provisions of section 275 of the Code and the deficiencies to be determined on the basis of the petitioner's admissions for the years 1945 and 1946 are not barred from the assessment or collection by the statute of limitations. W. Hamilton Whiteford, Esq., Baltimore, Md., and B. Conway Taylor, Esq., for the petitioner. Stephen A. Cadden, Esq., for the respondent. HILL Memorandum *93 Findings of Fact and Opinion This proceeding involves deficiencies in income taxes and fraud penalties for the years 1941 through 1946, inclusive. The respondent, on February 20, 1950, determined deficiencies in income taxes and imposed fraud penalties as follows: Year
Deficiency
50% Penalty
1941
$ 356.91
$ 178.46
1942
1,062.90
531.45
1943
440.65
220.33
1944
2,031.61
1,015.81
1945
1,037.93
518.97
1946
2,839.40
1,419.70
The issues involved in each of the years above mentioned are (a) whether the Commissioner erred in attributing to petitioner the additional and allegedly unreported income on which the deficiencies are based, (b) whether in each of the years the Commissioner erred in imposing the fraud penalties set forth above, and (c) whether inasmuch as the deficiencies were not determined until February 20, 1950, the statute of limitations bars the respondent with respect to each of the years set forth above. Findings of Fact The petitioner is a resident of Baltimore, Maryland. He filed his income tax returns with the collector of internal revenue for the district of Maryland. The petitioner was born October 4, 1903, at Luray, Virginia. He had some high school education and started to work at about *94 16 years of age in the automobile garage business as a mechanic in Hagerstown, Maryland. After a year he returned to Luray and operated a small automobile repair shop for about four years. Because of poor business conditions there he closed his business and went to Baltimore, Maryland, in 1926. In Baltimore he went to work for one Armacost in an automobile repair shop at 2107 Madison Avenue. A year later the petitioner and Armacost became partners. In 1928, after the partnership had operated for about a year, the petitioner bought Armacost's interest and ran the repair business thereafter as a sole proprietorship, continuing to do so through the period here in question. The business was that of general repair, painting and body work on automobiles. Various persons were employed to assist petitioner in the work from time to time and petitioner's four sons assisted in the work from an early age except for the time three of them spent in the service. Commencing in 1928, the building at 2107 Madison Avenue was rented by the petitioner for $125 per month and petitioner, his wife and four sons occupied the living quarters over the garage for about three years before moving in 1931 to a rented *95 house. After moving the petitioner continued to rent the shop for $75 and continues to do so to the present day. From 1940 through 1946 petitioner lived at 424 Nottingham Road in a three bedroom house built by him at a total cost of $8,000. As a result of his frugal efforts petitioner was able to save about $2,000 a year from his business from 1928 to 1939, after which the volume of his business began to fall off. The petitioner's gross business averaged approximately $10,000 a year for all of the years here in question. During his entire lifetime and throughout the period here in question the petitioner and his family lived carefully on a budget. During the period in question his living expenses did not exceed $50 per week. Petitioner filed timely tax returns for each of the years in question which were prepared with the aid of professional assistance. In March 1949 respondent began an investigation of petitioner's income tax returns. The agents assigned to the case had several interviews with petitioner and examined various records available from the petitioner's business operations. Early in their investigation they decided that the records submitted to them were insufficient and *96 did not correctly show petitioner's income. They then began a determination of his income based on increases in net worth. The deficiencies above shown are based on the increases in net worth so determined. The results of the respondent's net worth construction are as follows: 1940
1941
1942
1943
1944
Total assets
$11,746.75
$14,871.99
$13,239.42
$13,904.06
$20,049.66
Total liabilities
$ 6,437.50
$ 6,563.40
$ 1,321.33
$ 1,759.08
$ 2,150.33
Net worth
$ 5,309.25
$ 8,308.59
$11,918.09
$12,144.98
$17,899.33
Net worth previous
year
5,309.25
8,308.59
11,918.09
12,144.98
Increase in net worth
$ 2,999.34
$ 3,609.50
$ 226.89
$ 5,754.35
Money transferred
from son's account
Living expenses
3,000.00
3,500.00
3,500.00
3,500.00
Federal taxes paid
57.43
37.57
Corrected net income
$ 5,999.34
$ 7,109.50
$ 3,784.32
$ 9,291.92
Net income reported
* *97 2,253.10
1,634.91
1,933.62067.24
Understatement
$ 5,999.34
$ 4,856.40
$ 2,149.41
$ 7,358.30
1945
1946
Total Assets
$23,768.34
$36,458.10 Total liabilities
$2,360.02
$ 2,440.02 Net worth
$21,408.32
$34,018.08 Net worth previous
year
17,899.33
21,408.32 Increase in net worth
$3,508.99
$12,609.76 Money transferred
from son's account
($ 3,900.00)
Living expenses
3,500.00
3,500.00 Federal taxes paid
190.30
506.82 Corrected net income
$ 7,199.29
$12,716.58 Net income reported
3,303.81
2,067.24 Understatement
$3,895.48
$10,649.34 The respondent's net worth statement was made from available books and records, bank records, records of real estate, and information from other sources. The books of the petitioner were meager and it is impossible to determine their accuracy. They were kept by petitioner in his own handwriting. The respondent's net worth statement is inaccurate and results in an overstatement of petitioner's income for each of the years in question. The deficiencies determined against the petitioner are attributable largely to respondent's failure to take into account aproximately $5,000 in cash on hand, $12,000 in cash kept in a safety deposit box, two automobiles worth $1,242.75 held by the petitioner in 1940, debts worth approximately $2,000 owing to him in 1940 and later paid, a court award of $500 received by the petitioner in 1941, and capital contributions amounting to a total of $9,645.75 contributed by the petitioner's sons to the partnership, Moyer Motor Company, set up in 1946 by the petitioner and his four sons. Also the respondent overestimated the living expenses attributed to petitioner and his family for the years involved and charged him with a $750 bond which had been *98 sold by him in 1946. By his own admission the petitioner understated his income for the years 1945 and 1946 in the amounts of $1,295.48 and $379.34, respectively. Petitioner's returns for the years 1941 to 1946, inclusive, were not fraudulent with intent to evade tax. The petitioner understated his income by more than 25 per cent in 1945. Opinion HILL, Judge: We have examined the voluminous record with care as well as the many exhibits submitted by the parties. The evidence considered as a whole fails to support the respondent's determination that the petitioner's income tax returns for any of the years involved were fraudulent with intent to evade tax and we have so found. There can be no doubt that the petitioner handled his business affairs and his books in a loose and perhaps even a careless manner but these are not necessarily incidents of fraudulent intent. We think the evidence not only fails by clear and convincing proof to establish fraud on the part of petitioner with the intent to evade tax but that the preponderance of the evidence negatives such intent. We, therefore, hold against the respondent on the fraud issue. In the absence of fraud the deficiencies determined against *99 the petitioner for the years 1941, 1942, 1943 and 1944 are barred by the statute of limitations as set forth in section 275 of the Internal Revenue Code. It will serve no useful purpose to attempt to discuss each separate item of the respondent's extensive net worth statement. Likewise it would be futile to undertake to reconcile respondent's determinations for the years herein involved with the returns filed by the petitioner. It is enough to observe that with our ruling on the respondent's failure to meet his burden of proof, the fraud determination falls for want of a sound basis and with it the deficiencies alleged for the years 1941, 1942, 1943 and 1944. As we noted above the statute of limitations has expired for the years 1941 through 1944. However, section 275 (c) of the Code provides for a 5-year period of limitation where the taxpayer has understated his income by 25 per cent and while normally the burden of proof is upon the respondent to bring the provisions of that section into play, see C. A. Reis, 1 T.C. 9, affirmed 142 Fed. (2d) 900, here the petitioner admits that he understated his income by $1,295.48 and $379.34 for the years 1945 and 1946, respectively. There *100 is no competent and reliable evidence in the record to establish that the amounts of understatement of petitioner's income for such years were greater than those above set forth. Thus it is seen that the year 1945 is not barred by the statute of limitations. The statute of limitations poses no problem to the respondent concerning the year 1946. We therefore hold that the petitioner has understated his income in the years 1945 and 1946 as set forth above, and that the statute of limitations is not a bar to assessment and collection of the determinable tax thereon. Decision will be entered under Rule 50. Footnotes
*. Non-taxable return filed.