Roy R. Yeoman, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 36458.    Filed December 20, 1955.

*George T. Donoghue, Jr., Esq.,* for the respondent.

OPINION.

TIETJENS, *Judge:* As set forth in the preliminary statement there was no appearance by or on behalf of petitioner at the hearing. From the statement of counsel for the respondent made at that time and from statements made by former counsel for the petitioner in motions in this proceeding we gather that petitioner died after the filing of the petition and before the hearing. No substitution of any personal representative of the petitioner has been made and the Court is uninformed as to the identity of petitioner's personal representative.

If we accept the fact of petitioner's death, though no evidence to that effect has been offered other than the statements of counsel referred to, the record presents a possible jurisdictional question, i. e., whether the Court has been ousted from jurisdiction by virtue of petitioner's death and there having been no substitution of any personal representative or other appearance on his behalf at the hearing. See Rules of Practice, Rule 23.

We conclude, however, that the Court has not been divested of jurisdiction. In an early case, *James Duggan,* 18 B. T. A. 608, where a similar factual situation existed, and counsel had moved to dismiss on the ground the action had abated by virtue of petitioner's death, the motion was denied, and we held that the jurisdiction resulting from an appeal here "continues unimpaired until our functions are terminated by decision or dismissal," and that there is "no abatement of an appeal upon the death of the appellant." And in later proceedings in the same case, 21 B. T. A. 740, 743, while pointing out the desirability from the standpoint of orderly procedure of having before the Court the one authorized to act for the deceased petitioner, we nevertheless said, "But there is no absolute necessity for the substitution of any one as party petitioner in this proceeding." Accordingly, we hold here that our jurisdiction to decide the case continues despite

petitioner's death and the failure to substitute a personal representative.

Proceeding to the other questions before us, the respondent has placed in the record the testimony of a technical advisor in the office of the assistant regional commissioner, appellate, Chicago, Illinois, to whom the case was assigned   This testimony related to the examination made of the income tax liabilities of the petitioner for the taxable years and the disclosures made as the result of the examination which was conducted by a revenue agent and a special agent.   The income tax returns of the corporation and the petitioner are in evidence as well as other documents relating to the petitioner's income tax liabilities for the years in question.

In the absence of any evidence to the contrary, the respondent's determinations of the deficiencies in income tax must be upheld.

The only issue remaining is whether the additions to tax for fraud were proper.   We think the evidence adduced by respondent is ample to sustain our finding that part of the deficiency for each year is due to fraud with intent to evade tax.

*Decision will be entered for the respondent.*