GUY G. PRICE, DECEASED, AND NORA L. PRICE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Price v. Commissioner
Docket No. 2147-75.
United States Tax Court
T.C. Memo 1978-196; 1978 Tax Ct. Memo LEXIS 322; 37 T.C.M. (CCH) 846; T.C.M. (RIA) 780196; May 30, 1978, Filed Steven S. Brown, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax Year
Deficiency
Sec. 6653(b) [1]
1969
$19,795.46
$9,954.00
1970
4,221.77
2,110.89
1971
721.00
361.00
Petitioner Guy G. Price died on June 13, 1975. On August 11, 1976, a hearing was held on respondent's motion to dismiss this case for lack of prosecution as to the decedent. At the time, no administrator had been appointed for decedent's estate and he was not represented at the hearing. The Court granted respondent's motion as to those issues upon which the decedent has the burden of proof, and denied the motion with respect to issues upon which respondent has the burden of proof. Subsequent to the hearing but prior to trial, petitioner Nora L. Price's liability for the asserted deficiencies was resolved by agreement between her and respondent. Thus, Guy G. Price will be referred *324 to hereinafter as petitioner. The issues remaining for decision are whether any part of the deficiencies in tax for the years 1969, 1970, and 1971 was due to fraud on the part of petitioner and whether the statute of limitations bars assessment and collection of the deficiencies due from petitioner for 1969 and 1970. FINDINGS OF FACT Petitioner resided in Harrisburg, Ill., at the time his petition herein was filed. Petitioner and his wife timely filed joint Federal income tax returns for the years under consideration. During the years in issue, petitioner was the President of the Retail Clerks International Association (RCIA) Local #896, of Marion, Ill. and served as Chairman of the Board of Trustees of the Illinois Independent Order of Odd Fellows Old Folks Home (Home). Petitioner retired on March 1, 1971, due to a dispute over certain funds belonging to the Home to which petitioner had access prior to his retirement and which were missing. In January 1974 the Intelligence Division of the Internal Revenue Service commenced an investigation of petitioner's tax returns for the years in issue to determine whether criminal prosecution was warranted. Petitioner admitted *325 to the agents that a discrepancy in the Home's books had occurred but denied having appropriated any of the funds for his own personal benefit. Petitioner made several false and misleading statements concerning his handling of Home funds to the special agent assigned to the case. Petitioner reported on his tax returns gross income representing wages or other compensation from RCIA for 1969, 1970, and 1971 in the respective amounts of $6,192, $6,000, and $9,600. In addition, petitioner reported substantial employee business expenses and a partial reimbursement by his employer for such expenses. Respondent mailed a notice of deficiency for the years in issue to petitioner on January 9, 1975. OPINION It is well established that our jurisdiction to decide this case is unimpaired by the death of petitioner subsequent to filing his petition herein. Yeoman v. Commissioner,25 T.C. 589, 593 (1955). The first issue presented is whether any part of the deficiencies in tax for the years in issue was due to fraud with an intent to evade taxes on the part of petitioner. Section 6653(b) provides that, "If any part of any underpayment * * * of tax required to be shown *326 on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment." In the event that fraud is shown, there is no statute of limitations on the assessment of the tax. Section 6501(c)(1). Respondent, however, must prove fraud by clear and convincing evidence. Section 7454(a); Stratton v. Commissioner,54 T.C. 255 (1970). This, respondent did not do. Whether fraud exists is a question of fact. Stratton v. Commissioner,supra. A mere failure to contest the deficiencies is insufficient to establish fraud. Steiner v. Commissioner,350 F.2d 217 (7th Cir. 1965), affg. a Memorandum Opinion of this Court; Drieborg v. Commissioner,225 F.2d 216 (6th Cir. 1955). To the contrary, although the precise amount need not be proven, respondent must affirmatively show that there were deficiencies and that such deficiencies were due to fraud. Shaw v. Commissioner,27 T.C. 561, 570 (1956), affd. 252 F.2d 681 (6th Cir. 1958). [2] While our suspicions were aroused by petitioner's misleading statements to respondent's agents, mere suspicion is insufficient *327 to support a finding of fraud. Ross Glove Co. v. Commissioner,60 T.C. 569, 608 (1973). Nor is it sufficient proof of fraud to infer the receipt of unreported income by petitioner from such statements and then infer fraud from such income, thereby basing inference upon inference. Estate of Mazzoni v. Commissioner,T.C. Memo. 1970-37, affd. 451 F.2d 197 (3d Cir. 1971). [3]
The only evidence presented in this case by respondent was the brief testimony of the special agent who interviewed petitioner prior to his death, petitioner's Federal income tax returns, memoranda of various interviews written by respondent's agent, and other inconclusive written allegations and sworn statements made by third parties. Standing alone, such evidence while sufficient to show conduct likely to mislead or conceal by petitioner, did not affirmatively establish the existence of unreported income which is necessary to sustain the fraud penalty. Simply stated, no documentary evidence such as petitioner's *328 books, bank records, or similar materials was introduced at trial to provide a clear and convincing foundation for the agent's statement that he believed petitioner received income which he failed to report. Nor does the record indicate that such evidence was unavailable. While we do not doubt the sincerity of the agent's belief, we are unwilling to presume that such evidence, apparently within respondent's grasp but not presented by him, would support the agent's testimony. Glimco v. Commissioner,397 F.2d 537 (7th Cir. 1968), cert. denied 393 U.S. 981 (1968); Roberts v. Commissioner,62 T.C. 834 (1974). Our unwillingness to do so is buttressed by the agent's lack of specificity at trial in response to questions by the Court and the existence of at least one weakness in respondent's argument. Respondent maintains on brief that petitioner claimed business expense deductions in connection with his employment but did not report any of the numerous reimbursements that he received for such expenses on his 1969 and 1970 returns. Respondent's position is not supported by the returns he introduced into evidence. Specifically, in each *329 of those years, petitioner filed as part of his return a statement of employee business expenses incurred and reimbursement for such expenses (Form 2106). [4] See Section 1.162-17(b)(3), Income Tax Regs. In sum, there is insufficient evidence in the record to support a finding of an understatement of income attributable to fraud on the part of petitioner. The remaining issue is whether assessment or collection of the deficiencies due from petitioner for 1969 and 1970 is barred by the statute of limitations. Respondent concedes the expiration of the normal three-year period provided by Section 6501(a). He relies therefore on the six-year period of limitations provided by Section 6501(e)(1)(A). [5] The extended period is applicable if petitioner omitted gross income on his returns for 1969 and 1970 in excess of 25 percent of the amount properly includible *330 therein. The burden of proof as to the requisite 25 percent omission is on respondent. Philipp Bros. Chemicals, Inc. (MD.) v. Commissioner,52 T.C. 240, 254 (1969), affd. 435 F.2d 53 (2d Cir. 1970); Reis v. Commissioner,1 T.C. 9 (1942), affd. 142 F.2d 900 (6th Cir. 1944). In this regard, respondent's deficiency notice may not be used by him to escape his burden by a "mere determination of the very facts upon which the Court must pass." Reis v. Commissioner,spra.[6] Respondent having failed to establish the requisite omission or fraud, we hold that assessment and collection of the deficiencies asserted for 1969 and 1970 are barred by the statute of limitations. *331 An appropriate decision will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. See also Kann v. Commissioner,T.C. Memo. 1961-294↩. 3. See Ginsberg v. Commissioner,T.C. Memo. 1976-199↩.
4. For 1969 petitioner claimed expenses of $3,500.81 and reported a reimbursement of $2,900. For 1970 petitioner claimed expenses of $5,862.10 and reported a reimbursement of $3,600. Ironically, petitioner's 1971 return claimed expenses of $6,635 and erroneously twice↩ reported reimbursement of $2,500 for such expenses.
5. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (e) Substantial Omission of Items.--Except as otherwise provided in subsection (c)-- (1) Income taxes.--In the case of any tax imposed by subtitle A-- (A) General rule.--If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. * * * ↩
6. See also Macri Corporation v. Commissioner,T.C. Memo. 1976-273; Estate of Maloney v. Commissioner,T.C. Memo. 1971-16↩.