LOIS SELTZER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34172.    Promulgated December 24, 1953.

*John A. Bostwick, Jr., Esq.*, for the petitioner.
*R. B. Wallace, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* Petitioner's individual tax return for the calendar year 1945, which was due on or before March 15, 1946, was filed on

January 14, 1946. The statutory deficiency notice was mailed on February 13, 1951, which was more than 4 years after petitioner's return was filed. Petitioner contends in her amended petition that when the notice was mailed the 3-year limitation period had run under section 275 (a) of the Internal Revenue Code. Respondent admits that the 3-year limitation period had run, but argues that section 275 (c) applies to give a 5-year limitation period. The applicable statutes are printed in the margin.[1] Respondent correctly contends that the deficiency notice was mailed within 5 years after the return was considered as filed for the purpose of section 275 (c), for under section 275 (f) the return shall be considered as having been filed on March 15, 1946. But to invoke the 5-year limitation period under section 275 (c), the respondent has the burden of proving that petitioner omitted "from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return." See *C. A. Reis*, 1 T. C. 9. In the *Reis* case, *supra*, we said:

We are unable to conceive that the presumption of the correctness of a deficiency notice, which in the ordinary case the petitioner must meet, was intended by Congress to be used as a substitute for evidence in a case where the respondent has the burden of proof as here he has under the various cases first above cited. To adapt a classic to the case, the deficiency notice is a shield, not a sword. It is a defense where the petitioner has the onus of proof, not a weapon where the respondent has the burden. * * * We hold that the respondent herein had the burden of proof, that it has not met, and that the three-year statute of limitation has run. * * *

Later this case was reopened upon respondent's motion and he was permitted to meet his burden of proof by offering additional evidence. See *Reis* v. *Commissioner*, 142 F. 2d 900.

Petitioner's income tax return for 1945 is in evidence and in this return she reported gross income of $2,350. Respondent contends that petitioner realized additional gross income in 1945 from the sale of a capital asset, a 25 per cent partnership interest. There is no dispute that if there was a sale (which petitioner vigorously contends but which we need not decide) petitioner received $15,000 in return for her partnership interest. But, in order to invoke the 5-year limitation period under section 275 (c), respondent must

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.
Except as provided in section 276—
(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.
* * * * * * *
(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

prove that the adjusted basis of the partnership interest was less than $15,000 by an amount sufficient to increase petitioner's gross income for 1945 by more than 25 per cent. The only evidence in the record with respect to the amount of the basis was supplied by the petitioner. This evidence, consisting primarily of petitioner's own testimony, tends to show that the partnership interest had a basis of more than $15,000.

The distributive share of the partnership income to petitioner in the calendar years 1942 and 1943 was $18,396.96 and $10,569.65, respectively. Respondent does not contend that this is not true, but contends that petitioner withdrew these amounts in cash. However, petitioner testified that she withdrew from the partnership $6,150 in the calendar year 1942 and $6,630 in the calendar year 1943. She introduced in evidence certain exhibits showing bank deposits in a joint bank account of herself and husband to substantiate the above figures. There is no evidence to the contrary. In view of this testimony, we think that $12,246.96 ($18,396.96 less $6,150) and $3,939.65 ($10,569.65 less $6,630), respectively, for the years 1942 and 1943 must be treated as undistributed income and a part of petitioner's cost basis for her partnership interest in Arcadia Roller Rink Company.

The Commissioner's determination in his deficiency notice in the instant case shows: "Your share of 1944 partnership income has been determined as $5,454.33." The Commissioner then determined that of the foregoing distributive income of $5,454.33, there had actually been distributed to petitioner $2,900, leaving $2,554.33 undistributed income. This $2,554.33 the Commissioner has added to petitioner's cost basis for her partnership interest which the Commissioner has determined that petitioner sold in her property settlement with her husband. As already stated, however, the Commissioner did not allow petitioner any addition to her cost basis on account of undistributed profits in the partnership for the years 1942 and 1943, his contention being that all of petitioner's profits in the partnership were distributed to her in those 2 years. As we have already stated, petitioner's testimony is to the contrary. Therefore, as we view the whole record, petitioner has established a prima facie case that the cost basis of her interest in the partnership should include:

| | |
|---|---|
| 1942 undistributed profits | $12,246.96 |
| 1943 undistributed profits | 3,939.65 |
| 1944 undistributed profits | 2,554.33 |
| Total | $18,740.94 |

In view of the foregoing, we think we must hold that respondent has not sustained his burden of proof to show, as affirmatively alleged in his answer:

9. Petitioner omitted from gross income, as reported in her income tax return for the taxable year 1945, an amount properly includable therein which was in excess of 25 per centum of the amount of gross income reported in said return.

Therefore, we hold that the 5-year statute of limitations provided in section 275 (c) of the Code is not applicable in the instant case. We further hold that the statute of limitations provided in section 275 (a) of the Code is applicable and that assessment of the deficiency determined by the Commissioner against petitioner is barred by the statute of limitations.

*Decision will be entered for the petitioner.*