PAUL GORDON WHITMORE AND MARY CLARISSA WHITMORE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PAUL GORDON WHITMORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 50358, 50359. Filed November 25, 1955.

*Nicholas Callan, Esq.,* for the petitioners.
*James F. Hoge, Jr., Esq.,* for the respondent.

294

OPINION.

OPPER, *Judge:*

*I.*

The parties are in virtual agreement as to the legal principles to be applied. They differ, of course, as to the factual conclusion. Respondent contends that petitioner was domiciled either in Pennsylvania or in New York during the years in issue and that consequently he may not avail himself of the community property provisions of the law of Arizona, which he claims as his domicile.

There seems to us little doubt that petitioner never acquired a New York domicile until after the period with which we are concerned. He visited New York first for a 2-week period during which he was being interviewed for new employment, and stayed at a hotel. His periods of physical presence in New York thereafter were sparse and short;

he became a "nonresident" member of a New York club; and we find nothing to indicate even residence, much less domicile in that State.

With respect to Pennsylvania, the evidence is much less conclusive. It may be that prior to 1929 petitioner might have been considered to have been domiciled in that State. But we find it unnecessary to decide that question. On the evidence petitioner seems to us to have reacquired a domicile in Arizona in any event.

where there is any doubt on a domicile, the domicile of origin always reverts. * * *[1]

*In re Norton*, Surrogate's Court, New York County, 96 Misc. 152, 159 N. Y. Supp. 619, 622, affd. 162 N. Y. Supp. 1133. See also *Johnson* v. *Harvey*, 261 Ky. 522, 88 S. W. 2d 42; *Petition of Oganesoff*, (S. D., Cal.) 20 F. 2d 978; 28 C. J. S. 33.

Petitioner's wife and children returned to Arizona in 1936 and remained there until 1940. Petitioner's business required traveling from place to place, and the only periods in which he was free to choose his place of sojourn were for his vacations. These he spent with his family in Arizona. While statements as to domiciliary intention tend to be self-serving and may not always be conclusive, see *Texas* v. *Florida*, 306 U. S. 398, in this case petitioner's income tax return for 1940, several years prior to the period in dispute, although giving his business address as New York City, lists under name and address: "Tucson, Pima, Arizona." The stamp on the return indicates that it was filed with the collector for Arizona. The form also declares that the return for the prior year was filed with the collector at Tucson, Arizona. Whether or not he was entitled to it under the law, petitioner claimed no community property benefits in that return—an indication that the statement was not made with an eye to its tax consequences. On the entire record we think the conclusion warranted that at least after 1936 petitioner was domiciled in Arizona. Nor do we find evidence that any other domicile was acquired thereafter and prior to 1950.

A domicile once acquired is presumed to continue until it is shown to have been changed. Where a change of domicile is alleged the burden of proving it rests upon the person making the allegation. To constitute the new domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there. The change cannot be made except *facto et animo*. Both are alike necessary. * * * [*Mitchell* v. *United States*, 88 U. S. 350, 21 Wall. 350.]

The fact that in 1941 and subsequent years petitioner filed his income tax returns with the collector at New York does not seem to us, without more, to indicate any change in domicile. In fact, in 1942 and each year thereafter, although the return was filed in New York, peti-

---

[1] "a. I somewhat fear that these decisions are going to defeat the state from the collection of much well-earned revenue, for while a man may have many 'residences' he can have only one domicile. So where there is any doubt on a domicile, the domicile of origin always reverts. * * *"

tioner again gave Arizona as his address and New York only as his place of business. It seems to be conceded that New York was the home office of his employer during all these years. The question is not, as respondent seems to suggest, whether petitioner intended to comply with section 53 (b) (1), Internal Revenue Code of 1939, but whether he intended to be domiciled in New York. That section,[2] referring as it does to "legal residence or principal place of business," seems to us in the light of the facts to be wholly irrelevant. Cf. *Pietro Crespi*, 44 B. T. A. 670, 674. We have accordingly made the dispositive finding that petitioner, during the years involved, was a resident of Arizona.

## II.

Respondent further insists that even though petitioner might have been entitled to claim the benefits of community property reporting, he has not fulfilled the necessary prerequisites for the years 1943 through 1945; this is because for each of those years petitioner and his then wife filed a single return. Respondent's own rulings, however, set forth what we regard as the correct principle in such situations. Whether or not a return, even though combined in form in a single document, is intended to be joint or separate is a matter of the intention of the taxpayers adequately manifested on the return. *Zabelle Emerzian*, 20 T. C. 825. The principle is stated in O. D. 960, 4 C. B. 255:

Where husband and wife clearly indicate on a single return form the net income of each, such a return does not necessarily constitute a joint return. It is a matter of intent. * * *

As to a marital community—

In determining whether the return should be treated as separate returns on one form or as a joint return, the real intent of the taxpayers should govern. Such intent may be disclosed by the return or by an affidavit subsequently filed clearly showing that the taxpayers intended to file on a community property basis. * * * Where the incomes are separated or can be clearly identified and the tax has been computed on the separate net incomes, the return should be treated as separate returns on one form. * * * [I. T. 1530, I–2 C. B. 174.]

In 1943, in his computation of the tax, petitioner stated that the surtax was "On Community Prop. State Basis." In 1944, he stated on the face of the return, "JOINT RETURN—COMMUNITY PROPERTY STATE," and, in a schedule annexed, asserted:

The 3%, not to exceed $15.00, deduction allowed for joint returns is not claimed, nor deducted, as it is understood that such deduction was not intended to apply to Community Property returns.

---

[2] SEC. 53. TIME AND PLACE FOR FILING RETURNS.

(b) TO WHOM RETURNS MADE.—

(1) INDIVIDUALS.—Returns (other than corporation returns) shall be made to the collector for the district in which is located the legal residence or principal place of business of the person making the return, or, if he has no legal residence or principal place of business in the United States, then to the collector at Baltimore, Maryland.

And in 1945, on the line beginning—

If item 5 includes incomes of both husband and wife * * *

the statement is "Community property" with a figure for husband's and wife's income of one-half each of the total income shown.

On these facts it seems to us shown by the face of the returns that the requirements of respondent's rulings were complied with, and we have found as a fact that for all 3 years it was petitioner's intention to file in the form of a separate community property return.

*Decisions will be entered for the petitioners.*