DORA S. HUGHES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38765.    Filed April 9, 1956.

*W. L. Clifton, Esq.*, for the petitioner.
*Raymond Whiteaker, Esq.*, for the respondent.

OPINION.

ATKINS, *Judge:* The petitioner's contention is that the returns filed for the years in question, 1941, 1942, 1943, 1946, and 1947, were not, in fact and law, joint returns and that consequently there is no joint or several liability on her part, under section 51(b) of the Internal Revenue Code of 1939,[1] for any deficiency or addition to the tax resulting from the fraud on the part of her husband. It is her position that each one of the returns in effect constitutes two separate returns, one for her husband and one for herself for each of the years, inasmuch as the schedules attached to each return set forth information showing separately the items and sources of income and deductions of herself and her husband. She claims, and it has been stipulated, that except for minor adjustments made by the respondent, the separate gross income and deductions pertaining to her were correctly shown in the Forms 1040 that were filed. If she is correct in her contention that in effect she filed separate returns it would also follow that the statute of limitations would bar assessment and collection of any deficiency which might be due from her as a result of the adjustments made by the respondent in the notice of deficiency, since there was no fraud on her part in reporting her income and deductions. Secs. 275 (a) and 276 (a) of the 1939 Code.[2]

---

[1] Section 51 (b) as in effect for the years 1941, 1942, and 1943 provided as follows:

SEC. 51. INDIVIDUAL RETURNS.

(b) HUSBAND AND WIFE.—In the case of a husband and wife living together the income of each (even though one has no gross income) may be included in a single return made by them jointly, in which case the tax shall be computed on the aggregate income, and the liability with respect to the tax shall be joint and several. No joint return may be made if either the husband or wife is a nonresident alien.

Section 51 (b) as in effect for the years 1946 and 1947 provided as follows:

(b) HUSBAND AND WIFE.—A husband and wife may make a single return jointly. Such a return may be made even though one of the spouses has neither gross income nor deductions. If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several. No joint return may be made if either the husband or wife is a nonresident alien or if the husband and wife have different taxable years. The status of individuals as husband and wife shall be determined as of the last day of the taxable year.

[2] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

SEC. 276. SAME—EXCEPTIONS.

(a) FALSE RETURN OR NO RETURN.—In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

Section 51 (b) of the Code makes it clear that if a joint return is filed the spouses are jointly and severally liable for the full tax liability. It is well established that the joint and several liability extends to any addition to the tax on account of fraud, even though the fraud may be attributable only to one spouse. *Myrna S. Howell*, 10 T. C. 859, aff'd. (C. A. 6) 175 F. 2d 240; *W. L. Kann*, 18 T. C. 1032, aff'd. (C. A. 3) 210 F. 2d 247; *Arthur N. Dellit*, 24 T. C. 434; *Boyett* v. *Commissioner*, (C. A. 5) 204 F. 2d 205, affirming a decision of this Court.

We turn then to the primary question presented as to whether the returns in question were joint returns of the petitioner and her husband. The respondent's determination in this respect is prima facie correct, and the burden of proof is upon the petitioner to show error on his part. *Myrna S. Howell, supra; Virginia M. Wilkins*, 19 T. C. 752; *Hyman B. Stone*, 22 T. C. 893.

For each year the return on its face purports to be a joint return in that in the space provided for the name of the taxpayer, the names of both the petitioner and her husband are typed. Each return was signed by both the petitioner and her husband. Each return indicated, in the proper place, that a separate return was not being filed for each spouse. In each return the tax liability was computed upon the aggregate income and deductions of both the petitioner and her husband. The petitioner does not contend that her signature was obtained by coercion, by fraud, or by mistake. Her action in joining with her husband and signing the returns was voluntary. See *Estate of Merlin H. Aylesworth*, 24 T. C. 134. Her claim that the returns in question constituted separate returns is based upon the fact that schedules attached to each return show separately the income and the deductions attributable to her and to her husband, the fact that each schedule bears a caption stating that it is in support of "Income Tax Returns" and the fact that a footnote typed on the face of the Form 1040 filed for 1947 recites "EXTENSION OF TIME FOR FILING RETURNS." It is contended that the fact that the plural is used is evidence of the petitioner's intent that each return should be treated as two separate returns.

The petitioner herself did not appear to testify at the hearing because of illness. However, her affidavit was taken and was received in evidence. In her affidavit she stated "I did not add or commingle any of my earnings and deductions for income tax purposes with my husband. I did not make joint returns with him. I made entirely separate report in my income tax returns for the years in question of my individual earnings, my individual deductions and of my individual net income." The affidavit was received in evidence with the understanding of both counsel that the petitioner's conclusion that

she did not make joint returns with her husband was merely evidentiary and that the question whether the returns were joint returns would be determined in the light of not only the affidavit, but also of all other evidence in the record. Her statement in this respect is a legal conclusion and is not determinative. Such statement is not tantamount to a statement that it was her intention, at the time of preparing and filing the returns, not to file joint returns. We are of the opinion that if she had intended to file separate returns she would have prepared and filed separate Forms 1040. Here the income and deductions of each spouse were included in one Form 1040 for each year, the tax was computed on a combined basis, and each spouse signed. There was no statement on the returns, or any other notice given to respondent, that the returns were other than what they purported to be, namely, joint returns. No authority has come to our attention which would justify a holding that these were not joint returns. In many cases it has been held that even though a wife did not sign returns, they nevertheless constituted joint returns in the absence of proof that she did not consent to their being filed in the joint names of husband and wife. *Joseph Carroro*, 29 B. T. A. 646; *Myrna S. Howell, supra; W. L. Kann, supra; Hyman B. Stone, supra.* Where, as here, the returns bear the admitted signature of the petitioner the burden of overcoming the presumptive correctness of the respondent's determination is substantially increased. *Virginia M. Wilkins, supra.*

The respondent has, in his rulings, recognized that under some circumstances a single return form filed by husband and wife may constitute separate returns, dependent upon intent.[3] However, the facts in the instant case do not establish an intent of the parties to file separate returns. The cases of *Paul Gordon Whitmore*, 25 T. C. 293, and *Strich* v. *Westover*, (S. D., Cal.) 87 F. Supp. 40, are distinguishable from the instant case on the facts. In those cases it appeared that the computations on the face of the returns showed that the intention was to file separate returns on a community property basis, rather than joint returns.

Upon a consideration of the whole record we have found as an ultimate fact, and hold, that the return for each of the years in question was a joint return.

---

[3] O. D. 960, 4 C. B. 255 states:

Where husband and wife clearly indicate on a single return form the net income of each, such a return does not necessarily constitute a joint return. It is a matter of intent. Having separated their respective incomes, in the absence of a showing to the contrary the presumption is that they intended to file separate returns of income, but that for convenience they have used one form. In such case both the normal and surtax should be computed on the separate income of each. This presumption is, however, overcome if the tax has been computed by the taxpayer on the combined net income; in which case, even though their incomes have been separated and can be identified, the return is held to be a joint return, and both the normal and surtax should be assessed on the basis of combined net income.

Since the deficiencies determined by the respondent are presumed prima facie to be correct, and the petitioner has not adduced any proof whatsoever to show error in the respondent's determination, we approve the determined deficiencies. The burden of proof as to the fraud issue is upon the respondent. However, the stipulated facts show that a part of each deficiency is due to fraud with intent to evade tax and that each return was false or fraudulent with intent to evade tax, and we have so found. We accordingly hold that the additions to tax under section 293 (b) of the Code were proper, that the statute of limitations does not bar assessment and collection of the deficiencies and additional amounts, and that the petitioner is liable jointly and severally for the deficiencies and additions to the tax determined by the respondent.

*Decision will be entered for the respondent.*