NADINE I. DAVENPORT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1725–65.   Filed September 28, 1967.

James F. Green, for the petitioner.
Charles L. Riter, for the respondent.

---

**926**

OPINION

The parties in this case stipulated that petitioner and Richard filed joint Federal income tax returns, signed by each of them, for the taxable years 1958 through 1963. When a joint Federal income tax return is filed by a husband and wife, each is jointly and severally liable for the tax under section 6013(d)(3).[2] The tax for which the husband and wife is each liable includes deficiencies in such tax and additions to the tax under section 6653(b),[3] since under section 6659 (a)(2)[4] references to "tax" are deemed to refer to "additions to the tax." *Myrna S. Howell*, 10 T.C. 859 (1948), affd. 175 F. 2d 240 (C.A. 6, 1949); *W. L. Kann*, 18 T.C. 1032 (1952), affd. 210 F. 2d 247 (C.A. 3, 1953), certiorari denied 347 U.S. 967 (1954); and *Dora S. Hughes*, 26 T.C. 23 (1956).

Petitioner contends that since she did not know of the embezzled funds omitted from the returns, the returns should not be treated as joint returns even though in form they were such.

In effect petitioner's contention is that there was no voluntary election on her part to file a joint return under the facts here present since

---

[2] SEC. 6013(d). DEFINITIONS.—For purposes of this section—

\* \* \* \* \* \* \*

(3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several.

[3] SEC. 6653(b). FRAUD.—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. \* \* \*

[4] SEC. 6659. APPLICABLE RULES.

(a) ADDITIONS TREATED AS TAX.—Except as otherwise provided in this title—

\* \* \* \* \* \* \*

(2) Any reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

she signed the returns without knowledge of the embezzlements by her husband or of any omissions of income from the returns. The facts in the instant case are indistinguishable from those in *Louise M. Scudder*, 48 T.C. 36 (1967), in which we held that a return voluntarily signed by a wife without disclosure to her by her husband of income received by him being omitted from the tax return was such a joint return as to cause the wife to be jointly and severally liable for deficiencies in tax for the year for which the joint return was filed. Here, as in *Louise M. Scudder, supra,* the evidence does not show that the wife's signature to the return was obtained by duress or that it was forged or was obtained by trickery, nor does the evidence show any deliberate deception by the husband to induce his wife to sign a joint return with him. For the reasons stated in *Louise M. Scudder, supra,* we hold that the returns filed by petitioner and Richard for the years here in issue were legally effective joint returns.

Petitioner further contends that the words, "aggregate income" as used in section 6013(d)(3) imply the combination of two separate units which form the whole and that if one party to the return has no unit of income attributable to him, there can be no aggregate. The facts here show that petitioner in each year here in issue had some individual income which was included in the joint returns. Therefore, on petitioner's interpretation of "aggregate," there was an "aggregate income" for the years here in issue. However, if petitioner had no separate income, the legislative history of predecessor provisions to section 6013(d)(3) indicates that the term "aggregate income" as used in that section was not predicated on each party's having some income. The first statutory enactment of the joint and several liability provisions was contained in section 51(b) of the Revenue Act of 1938 which stated:

In the case of a husband and wife living together the income of each (even though one has no gross income) may be included in a single return made by them jointly, in which case the tax shall be computed on the aggregate income, and the liability with respect to the tax shall be joint and several. * * *

See *Eva M. Manton*, 11 T.C. 831 (1948).

Petitioner alleged that the statute of limitations barred assessment of tax for all the years here in issue but now recognizes that because of the fact that the returns for the years 1961, 1962, and 1963 were fraudulent the statute of limitations does not bar the assessment of the deficiency for those years. For the years 1958, 1959, and 1960 petitioner contends that since respondent has failed to prove that false and fraudulent returns were filed, assessment of any deficiency is barred by the statute of limitations.

Respondent contends that the 6-year statute of limitations provided for in section 6501(e)(1)(A) applies. To sustain this contention, the respondent has the burden of proving that the petitioner omitted from

gross income an amount properly includable therein in excess of 25 percent of the gross income reported on the returns. *C. A. Reis*, 1 T.C. 9 (1942), affd. 142 F. 2d 900 (C.A. 6, 1944).

To satisfy his burden in proving the omission, respondent must show the amount of gross income stated in the return and the amount of income properly includable therein which has been omitted. *Elizabeth Bardwell*, 38 T.C. 84 (1962), affd. 318 F. 2d 786 (C.A. 10, 1963), and *Lois Seltzer*, 21 T.C. 398 (1953). In the instant case respondent has not shown the amount of gross income stated in the return. On each of the returns for the years 1958 through 1960 there is reported on Schedule H a net loss figure for certain partnership income. Respondent has not shown whether a partnership return was filed for those years and if so the gross income reported thereon. Under section 6501(e)(1)(A) the term "gross income from a trade or business" means the amount received or accrued from the sales of goods or services undiminished by the cost of such goods or services. Since there is no evidence indicating the manner in which petitioner arrived at the loss figure for income from the partnership, there is nothing in the record to show petitioner's gross income from the partnership. Respondent's Rev. Rul. 55–415, 1955–1 C.B. 412, following his ruling in I.T. 3981, 1949–2 C.B. 78, as to a partner's gross income for the purpose of section 251 of the Internal Revenue Code of 1939, provides, and this Court has recognized, that a partnership return is to be considered together with an individual return in determining the total gross income stated in the individual return for the purpose of determining whether the 6-year statute of limitations is applicable. Jack Rose, 24 T.C. 755, 768–769 (1955). See also *Elliott J. Roschuni*, 44 T.C. 80 (1965), and *Genevieve B. Walker*, 46 T.C. 630, 637–638 (1966).

We therefore conclude that respondent has failed to establish that petitioner and Richard omitted from any one of their joint Federal income tax returns for the years 1958, 1959, and 1960 an amount of gross income properly includable therein in excess of 25 percent of the amount of gross income stated in such return and therefore respondent has failed to show that the 6-year statute is applicable.

The only exception to the statute of limitations for each of the years 1958, 1959, and 1960 alleged by respondent other than fraud which he now concedes not to apply is the omission by petitioner and Richard from gross income for each of these years of an amount properly includable therein in excess of 25 percent of the gross income shown on the return.

From the facts it appears that Richard agreed to the deficiencies for the years 1958, 1959, and 1960 in the stipulation filed in his case in this Court. Respondent makes no contention that this agreement

by Richard is binding on petitioner and does not allege that petitioner is in any way estopped from claiming in her case that the statute of limitations is a bar to the determination of any deficiencies against her for the years 1958, 1959, and 1960. Since estoppel is an affirmative defense that must be both pled and proved, there is no issue of estoppel before us in this case. In *Marie A. Dolan*, 44 T.C. 420 (1965), we held that a husband and wife who file a joint return are separate taxpayers and assessment of tax against one does not reduce the deficiency to be determined against the other. Under this holding (as respondent apparently recognizes since he does not argue to the contrary), the fact that deficiencies for the years 1958, 1959, and 1960 have been determined against Richard is no basis for determining those deficiencies against petitioner in a separate case which she has a right to bring before us as a separate action from that of her husband even though the deficiency notice sent to them was joint. *Eva M. Manton*, *supra*. Cf. *Jack Douglas*, 27 T.C. 306, 315 (1956), affirmed sub nom *Sullivan* v. *Commissioner*, 256 F. 2d 4 (C.A. 5, 1958).

We, therefore, sustain respondent's determination as modified by the stipulation of the parties filed in this case for the years 1961, 1962, and 1963 but hold that the assessment or collection of any deficiency against petitioner is barred by the statute of limitations for the years 1958, 1959, and 1960. Because of the stipulated adjustments as to the years for which we have sustained respondent,

*Decision will be entered under Rule 50.*