**Richard M. HORN and Martha E. Horn, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 24525.**

United States Court of Appeals Fifth Circuit.

Dec. 21, 1967.

Albert M. Horn, Atlanta, Ga., for petitioners.

Lester R. Uretz, Chief Counsel, IRS, Christopher J. Ray, Atty., IRS, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Richard C. Pugh, Meyer Rothwacks, Robert I. Waxman, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before BROWN, Chief Judge, and FAHY* and DYER, Circuit Judges.

PER CURIAM:

Petitioners, husband and wife, seek review of a decision of the Tax Court of the United States which upheld a deficiency determination against them made by the Commissioner of Internal Revenue in the circumstances now to be stated.

Petitioners filed joint income tax returns for the years 1957, 1959, 1960 and 1961. These returns failed to include funds admittedly embezzled during these years by the husband from a Credit Union of which he was treasurer.[1] The amounts, including the calculation of deficiency by the Commissioner, are not disputed factually.

The case is governed in all essentials by James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246, where the Court held that embezzled funds "are to be included in the 'gross income' of the embezzler in the year in which the funds are misappropriated under § 22(a) of the Internal Revenue Code of 1939[1] and § 61(a) of the Internal Revenue Code of 1954.[2]" 366 U.S. at 213–214, 81 S.Ct. at 1052. (Footnotes giving the texts of the statutes omitted.)

Petitioner contends, however, that since the Credit Union obtained a judgment against the husband in the amount of his misappropriations, the deficiency determination as upheld by the Tax Court erroneously subjects the husband to a sort of "double penalty," in that he will be under obligation to pay the Credit Union the amount of its judgment and also to pay the United States the amounts due under the decision of the Tax Court. A similar situation existed in the James case, although there the victim of the embezzlement actually recovered an agreed amount in settlement of a civil action growing out of the embezzlement, whereas here the husband has not returned to the Credit Union any of the misappropriated funds.

The Supreme Court concluded in James:

When a taxpayer acquires earnings, lawfully or unlawfully, without the consensual recognition, express or implied, of an obligation to repay and without restriction as to their disposition 'he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent.' North American Oil Consolidated v. Burnet, supra, at page 424, 52 S.Ct. at page 615".[2]

366 U.S. 219, 81 S.Ct. 1055. See, also, Commissioner of Internal Revenue v. Tellier, 383 U.S. 687, 691, 86 S.Ct. 1118, 16 L.Ed.2d 185.

Petitioners also suggest that a decision in favor of the Commissioner will result in a federal tax lien against them which will have priority over the judgment of the Credit Union. This may well be so, but any consequent adverse effect upon the Credit Union does not improve the legal situation of petitioners.

As to the liability of the wife, the Tax Court stated there was no evidence to support the position she was without knowledge of the embezzlement. Assuming arguendo that she was without such knowledge, this would not relieve her of the statutory obligation assumed when she filed the joint returns with her husband:

[I]f a joint return is made, the tax shall be computed on the aggregate in-

---

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

1. The amounts involved were $6,950.48 in 1957, $9,737.73 in 1959, $6,210.68 in 1960 and $6,843.40 in 1961.

2. North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 76 L.Ed. 1197.

come and the liability with respect to the tax shall be joint and several. 26 U.S.C.A. § 6013(d) (3). And see Nadine I. Davenport v. Commissioner, 48 T.C. 921, C.C.H.Tax.Ct.Rep. 28,615, Sept. 28, 1967.

Affirmed.