JACK D. FIELDS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fields v. Commissioner
Docket No. 8490-79
United States Tax Court
T.C. Memo 1981-653; 1981 Tax Ct. Memo LEXIS 90; 42 T.C.M. (CCH) 1643; T.C.M. (RIA) 81653; November 9, 1981. Randolph L. Garrison, for the petitioner. Jan R. Pierce, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies of $ 1,601.64, $ 3,409.64, and $ 3,577.80 in petitioner's 1973, 1974 and 1975 income taxes, respectively. The sole issue for decision is whether petitioner is an "innocent spouse" under section 6013(e) [1] for the years 1973, 1974 and 1975. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Jack D. Fields resided in Roseburg, Oregon, when he filed his petition. Petitioner filed joint income tax returns for the years 1973, 1974 and 1975 with his former wife, Charlotte Radford ("Radford"). [2] During these years petitioner and Radford were both self-employed, petitioner as a commissioned agent of the Oregon Liquor Control Commission ("OLCC") and Radford as a bookkeeper performing services for the general public. *92 Petitioner received commissions as an OLCC agent as follows: [3]
Year
Commissions
1973
$ 34,344
1974
35,431
1975
43,515
On Schedule C's (Profit (or Loss) from Business or Profession), petitioner and Radford properly reported the above amounts as gross receipts from his liquor agency business. On separate Schedule C's, petitioner and Radford reported the following amounts of gross receipts from Radford's bookkeeping services: Year
Amount
1973
$ 7,650
1974
6,629
1975
8,637
In addition, Radford embezzled funds from her clients which were not reported in the joint returns as follows: Year
Amount
1973
$ 4,950
1974
10,500
1975
9,800
Petitioner neither knew nor had reason to know that the funds embezzled by Radford during 1973, 1974 and 1975 were omitted from the joint returns. Petitioner and Radford and additional gross income during these years as follows: Source
Amount
1973
1974
1975
State Tax Refund
$ 266
Jury Duty
47
Interest Income
171
Capital Gain
953
Total
$ 313
$ 1,124
*93 Petitioner and Radford reported adjusted gross incomes as follows: Year
Amount
1973
$ 20,266
1974
19,056
1975
26,430
In his notice of deficiency respondent determined that petitioner did not qualify as an innocent spouse under section 6013(e) and was therefore liable for the deficiencies attributable to the omission from income of the funds embezzled by Radford. OPINION The sole issue for decision is whether petitioner was an "innocent spouse" and therefore not liable fot the 1973, 1974 and 1975 deficiencies. Section 6013(e) provides: (1) IN GENERAL.--Under regulations prescribed by the Secretary or his delegate, if-- (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return, (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and (C) taking into account whether or not the other spouse significantly benefited directly or indirectly from *94 the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income. The parties agree that in signing the joint returns petitioner did not know of, nor did he have reason to know of, the omissions from gross income attributable to the funds embezzled by Radford. We must determine, therefore, (1) whether petitioner and Radford omitted from their gross incomes for 1973, 1974 and 1975 an amount properly includible therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return, and (2) whether, taking into consideration all facts and circumstances, it is inequitable to hold petitioner liable for the tax attributable to the omissions. Because we find that there was not a 25 percent omission, we do not reach the second question. [4]
*95 Petitioner contends that the burden of proof in establishing a 25 percent omission is on respondent, and that the 25 percent test should be applied by comparing the omitted amounts with either the gross receipts from Radford's business [5] *96 or the adjusted gross incomes as reported on the joint returns. [6] Respondent, on the other hand, maintains that the burden of proof is on petitioner, and that the 25 percent test should be applied by comparing the omitted amounts with the gross receipts from both petitioner's and Radford's businesses, plus additional gross income attributable to the state tax refund, jury duty, interest and a capital gain. [7] We agree with respondent. It has always been the position of this Court that the burden of proving all three conditions of section 6013(e)(1) is on the taxpayer. Adams v. Commissioner, 60 T.C. 300, 303 (1973). Petitioner asserts that because section 6013(e)(2)(B) [8] requires that the amount omitted from gross income be determined in the manner provided in section 6501(e)(1)(A), and because the burden of proof thereunder is on respondent, the burden of proof under section 6013(e)(1)(A) should also be on respondent. The general rule in this Court is that the burden of proof is on the taxpayer. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Another general rule is that respondent *97 has 3 years from the time a return is filed to assess a tax. Sec. 6501(a). Section 6501(e) provides an exception to this rule where the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return. Respondent has the burden of proving that the section 6501(e) exception to the general statute of limitations is applicable. Bardwell v. Commissioner, 38 T.C. 84, 92 (1962), affd. 318 F. 2d 786 (10th Cir. 1963); Seltzer v. Commissioner, 21 T.C. 398, 401 (1953); Reis v. Commissioner, 1 T.C. 9, 13 (1942), affd. 142 F. 2d 900 (6th Cir. 1944). In Reis v. Commissioner, supra, we explained that the predecessor to section 6501(e) constitutes an exception to the predecessor to section 6501(a). Relying on earlier Board of Tax Appeals decisions which were in accord with general law, we held that when respondent relies on an exception to a statute of limitations he has the burden of proving the facts necessary to establish the applicability of such exception. Id. at 12. The holdings *98 of those cases, however, are inapposite to this case. Here we look to section 6501(e) solely for guidance in determining whether a taxpayer meets the 25 percent test of section 6013(e)(1)(A). Section 6013(e)(1)(A) is not an exception to a statute of limitations. Thus the rationale of the cases dealing with the burden of proof under section 6501(e) and its predecessors does not apply here and the general rule of this Court requires that petitioner bear the burden of proof. [9]
Next, we must determine whether petitioner and Radford "omitted from gross income an amount properly included therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return." Sec. 6013(e)(1)(A). The parties agree as to the amounts of income omitted from the returns. They do not agree on the amounts of gross income stated in the returns. Section 6013(e)(2) directs that the amount omitted from gross income should be determined *99 in the manner provided in section 6501(e)(1)(A). Section 6501(e)(1)(A)(i) provides: In the case of a trade or business, the term "gross income" means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to dimunition by the cost of such sales or services; * * * Finally, section 61(a) defines "gross income" to mean "all income from whatever source derived." Respondent calculated petitioner's gross income stated in the joint returns by adding the gross receipts from petitioner's business, the gross receipts from Radford's business, and other sources of miscellaneous income. We hold that this computation produces "the amount of gross income stated in the return" for purposes of section 6013(e)(1)(A). Using respondent's computation of gross income, which we hold is correct, petitioner failed to meet the 25 percent test in each of the years 1973, 1974 and 1975. [10] Petitioner contends that because the percentage in 1974 is 24.96 percent we should round that to 25 percent. Neither the statute, case law, nor any sound legal reasoning we can think of calls for such a result. Accordingly, petitioner *100 is not entitled to relief as an innocent spouse under section 6013(e). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. Petitioner and Radford were married on November 12, 1973, and divorced on October 14, 1976.↩
3. As an OLCC agent petitioner operates a store for the sale of alcoholic liquors in Roseburg, Oregon. Petitioner deposits all sales receipts from the sale of liquor to the account of OLCC, and is compensated by OLCC on a commission basis.↩
4. Similarly, we have not included in our findings those facts relevant to a determination of whether it would be inequitable to hold petitioner liable for the tax attributable to the omissions.↩
5. Under this approach the relevant figures and percentages are: ↩
Gross Receipts Reported
Omitted
Year
From Radford's Business
Amount
Percentage
1973
$ 7,650
$ 4,950
65%
1974
6,629
10,500
158%
1975
8,637
9,800
113%
6. Under this approach the relevant figures and percentages are: ↩
Adjusted Gross Income
Omitted
Year
Per Return
Amount
Percentage
1973
$ 20,266
$ 4,950
24%
1974
19,056
10,500
55%
1975
26,430
9,800
37%
7. Under this approach the relevant figures and percentages are: [A]
[B]
[C]
Gross Receipts From
Gross Receipts From
Additional
Year
Petitioner's Business
Radford's Business
Income
1973
$ 34,344
$ 7,650
$ 313
1974
35,431
6,629
1975
43,515
8,637
1,124
Total
Omitted
Year
[A]+[B]+[C]
Amount
Percentage
1973
$ 42,307
$ 4,950
12%
1974
42,060
10,500
24.96% The percentages in the tables in footnotes 5, 6 and 7 have all been rounded to the nearest whole percentage point except for this percentage. The rounding has been done merely as a convenience where the exact percentage is irrelevant.
*↩
1975
53,276
9,800
18%
8. Section 6013(e)(2) provides: (2) SPECIAL RULES.--For purposes of paragraph (1)-- (B) the amount omitted from gross income shall be determined in the manner provided by section 6501(e)(1)(A).↩
9. Moreover, regardless of which party bears the burden of proof in this case, the evidence alone requires us to reach the conclusion that petitioner does not meet the 25 percent test of section 6013(e)(1)(A).↩
10. See footnote 7, supra↩.