T.C. Memo. 2002-229

UNITED STATES TAX COURT

TERRI L. STEFFEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1296-92.              Filed September 13, 2002.

B. Gray Gibbs,* for petitioner.

Michael A. Pesavento, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  Respondent determined additions to

petitioner's[1] 1986 Federal income tax as follows:

_____

*Mr. Gibbs represented petitioner at trial and on brief.  On
Aug. 19, 2002, he was granted leave to withdraw as counsel of
record.

[1]Petitioner and her husband, Paul A. Bilzerian, filed a
                                        (continued...)

| Additions to tax | |
|---|---|
| Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) |
| $100,233 | 50% of the interest due on $2,004,465 |

After concessions,[2] the issue for decision is whether petitioner is liable for additions to tax for negligence pursuant to section 6653(a)(1)(A)[3] and (B) for the taxable year 1986.

On September 11, 1998, respondent moved, pursuant to Rule 91(f), to compel petitioner to enter into a proposed stipulation of facts. We ordered petitioner to show cause why the matters covered by respondent's motion should not be deemed admitted for purposes of this case. Petitioner failed to respond to the order to show cause. We, therefore, granted respondent's motion and deemed the matters contained in the proposed stipulation to be facts for purposes of this case. Rule 91(f).

### FINDINGS OF FACT

Petitioner resided in Tampa, Florida, at the time she filed her petition. Petitioner and Paul A. Bilzerian (Mr. Bilzerian)

---

[1](...continued)
joint return for 1986. Separate notices of deficiency were sent to petitioner and Mr. Bilzerian, and separate petitions were filed. We addressed the liability of Mr. Bilzerian in a prior opinion. See Bilzerian v. Commissioner, T.C. Memo. 2001-187. This Memorandum Opinion addresses the liability of petitioner.

[2]Petitioner concedes that she is not entitled to carry back a worthless stock loss of $23,366,705 from 1989 to 1986.

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

were married in 1978 and remained married at the time of trial.

Petitioner and Mr. Bilzerian both graduated from Stanford University.  After graduating from Stanford, Mr. Bilzerian attended Harvard University and graduated in 1977 with a master's degree in business administration.  After graduating from Harvard, Mr. Bilzerian worked in the real estate business.  In 1982, Mr. Bilzerian began trading securities.  Before 1987, Mr. Bilzerian either explored the possibility of taking over control, or attempted to take over control, of several publicly traded companies, including Hammermill Paper Co. (Hammermill), Armco, Cluett Peabody, H.H. Robertson, and Syntex Corp.

In 1986, Mr. Bilzerian and Earl and Billy Mack (the Macks) formed a partnership, Bilzerian & Mack Associates (Bilzerian & Mack), for the purpose of launching a takeover of Hammermill. Mr. Bilzerian was a general partner of Bilzerian & Mack, and he signed the partnership return for 1986 on March 23, 1987.  Mack Asset Co. and Bilzerian Investors, two partnerships, were reported on Bilzerian & Mack's 1986 Form 1065, U.S. Partnership Return of Income, as other general partners.  Mr. Bilzerian was involved in Bilzerian Investors and another partnership named Bilzerian Ventures.  Although Hammermill was eventually acquired by International Paper Co. in August of 1986, Mr. Bilzerian realized substantial gains in 1986 through Bilzerian & Mack,

Bilzerian Investors, and Bilzerian Ventures from the purchase and sale of Hammermill stock.

During 1986, Mr. Bilzerian also maintained interests in South Bay Fashion Center and South Bay Fashion One, two partnerships, and various other entities.

For the taxable year 1986, Mr. Bilzerian was involved in the preparation of Federal income tax returns for some of the entities in which he was involved. Additionally, a former accountant from Price Waterhouse worked full time in Mr. Bilzerian's office handling some of the returns. Peat, Marwick, Mitchell & Co., C.P.A.s (Peat Marwick), prepared partnership tax returns for Bilzerian & Mack, Bilzerian Investors, and Bilzerian Ventures. Another accountant and a tax attorney were involved in preparing tax returns for other entities in which Mr. Bilzerian was involved.

While Peat Marwick was not engaged by petitioner and Mr. Bilzerian to prepare or do any work on their 1986 individual income tax return, Peat Marwick did prepare a schedule, entitled "Paul Bilzerian's 1986 Tax Estimate". This schedule was prepared for the purpose of helping petitioner and Mr. Bilzerian make an estimated tax payment for 1986. The schedule reported the following gains from Mr. Bilzerian's stock dealings in Hammermill:

| Item | Amount |
|------|--------|
| Bilzerian & Mack | $1,840,003 |
| Bilzerian Investors | 10,216,579 |
| Bilzerian Ventures | 3,107 |
| Personal Gain | 4,170,093 |
| Total | 16,229,782 |

On June 15, 1987, petitioner and Mr. Bilzerian signed and filed a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, for the taxable year 1986, along with a payment of $5 million. Petitioner and Mr. Bilzerian were in possession of the schedule prepared by Peat Marwick at that time, and Mr. Bilzerian discussed their estimated tax liability payment with petitioner. On August 12, 1987, petitioner and Mr. Bilzerian filed a Form 2688, Application for Additional Extension of Time To File U.S. Individual Income Tax Return.

On October 15, 1987, petitioner and Mr. Bilzerian filed their 1986 Form 1040, U.S. Individual Income Tax Return. On Schedule E, Supplemental Income and Loss, they reported the following net income from Mr. Bilzerian's stock dealings in Hammermill:

| Item | Amount |
|------|--------|
| Bilzerian & Mack | $1,840,003 |
| Bilzerian Investors | 10,216,579 |
| Bilzerian Ventures | 3,107 |
| Total | 12,059,689 |

On their Schedule C, Profit or Loss From Business, petitioner and Mr. Bilzerian reported gross income of $8,063,277 from the sale

of securities.[4]  On their Form 1040, they reported adjusted gross income and tax liability of $6,099,966 and $3,005,166, respectively.  Petitioner and Mr. Bilzerian reported an overpayment of tax of $2,053,708.  Petitioner knew that a considerable portion of the income realized by petitioners in 1986 was related to the purchase and sale of the Hammermill stock.

Petitioner and Mr. Bilzerian's 1986 individual tax return was prepared by Dwight Norris (Mr. Norris).  Mr. Norris prepared their individual tax returns for the taxable years 1982 through 1986.  Mr. Norris also prepared partnership tax returns for 1986 for South Bay Fashion Center and South Bay Fashion One.[5]  Mr. Norris graduated from Ohio State University in 1956 and has been working as a certified public accountant since that time.  At the time he prepared petitioner and Mr. Bilzerian's 1986 return, Mr. Norris worked for the accounting firm of Porterfield & Co., C.P.A.s, located in Sacramento, California.[6]  In connection with his preparation of the 1986 tax return, Mr. Norris received a package of information from Mr. Bilzerian's office consisting of

---

[4]Petitioner and Mr. Bilzerian reported deductions of $14,101,394, resulting in a net loss of $6,038,117.

[5]In 1982, Mr. Norris was a business partner with Mr. Bilzerian in South Bay Fashion One.

[6]At the time of trial, Mr. Norris resided in California.

Schedules K-1[7] and other various schedules necessary to prepare the Bilzerians' individual return, including the schedule prepared by Peat Marwick.

In the fall of 1988, Mr. Norris was contacted by Mike Shaw (Mr. Shaw), an attorney representing Mr. Norris at the time, concerning an omission of income on petitioner and Mr. Bilzerian's 1986 return. As a result, Mr. Norris learned that petitioner and Mr. Bilzerian had failed to include $4,170,185[8] of taxable income from gain realized by Mr. Bilzerian from the purchase and sale of Hammermill stock. Mr. Norris informed Mr. Bilzerian of this. Mr. Shaw was alerted to the omission of income on the 1986 return by an agent of the Federal Government.

At Mr. Bilzerian's request, Mr. Norris prepared an amended return for the Bilzerians for 1986. On January 5, 1989, petitioner and Mr. Bilzerian filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 1986. On the Form 1040X, they increased their taxable income by $4,008,928 and reported adjusted gross income and total tax liability of $10,108,894 and $5,009,631, respectively. The increase to income was described

---

[7]A Schedule K-1 is a schedule attached to a Form 1120S, U.S. Income Tax Return for an S Corporation, or a Form 1065, U.S. Partnership Return of Income, to report a shareholder's or a partner's share of income, credits, deductions, etc., from the S corporation or the partnership.

[8]The total omission from income was reduced to $4,008,928, due to miscellaneous adjustments.

on the amended return as follows:

```
    NET CHANGE TO INCOME                 Federal

    ADJUSTMENTS TO SCHEDULE C
        INCOME FROM SALES               4170185
        INTEREST EXPENSE                -161257

    ADJUSTMENTS TO SCHEDULE B
        INTEREST INCOME
            ADD JEFFRIES & CO                91
            LESS ON SCHEDULE C              -91

                                        4008928
```

On December 21, 1988, Mr. Bilzerian was indicted by a Federal grand jury on charges that he conspired to defraud the Internal Revenue Service and the Securities and Exchange Commission (SEC) with respect to several of his attempted corporate acquisitions which he engaged in during the 1980s. The charges related to transactions Mr. Bilzerian carried out between April 1985 and November 1986. The nine-count indictment charged Mr. Bilzerian with misrepresenting the source of funds used to purchase stock on Schedule 13D filed with the SEC (funds were not personal), accumulating stock in the name of nominees (parking securities), making numerous false statements, and creating false invoices to substantiate false deductions on his 1985 Federal income tax return. On September 27, 1989, the United States District Court for the Southern District of New York entered a judgment of conviction on all the counts contained in the indictment, and the judgment was affirmed by the Court of Appeals

for the Second Circuit.  United States v. Bilzerian, 926 F.2d
1285 (2d Cir. 1991).

On October 21, 1991, respondent issued separate notices of
deficiency to petitioner and Mr. Bilzerian for the taxable year
1986.  In the notices of deficiency, respondent determined that
petitioner and Mr. Bilzerian were liable for additions to tax for
negligence due to the omission from their originally filed 1986
return of the approximately $4 million of taxable income from
gains related to the purchase and sale of Hammermill stock.
Petitioner filed a petition to this Court seeking a
redetermination.

In 1992, Mr. Bilzerian sued Mr. Norris for malpractice for
the omission of the $4 million of taxable income from the
Bilzerians' originally filed 1986 return.  In connection with the
malpractice lawsuit, Mr. Norris denied any liability with respect
to the preparation of petitioner and Mr. Bilzerian's 1986 tax
return.

## OPINION

In Bilzerian v. Commissioner, T.C. Memo. 2001-187, we
sustained respondent's determination that Mr. Bilzerian was
liable for the additions to tax for negligence under section
6653(a)(1)(A) and (B) for 1986.  We found that Mr. Bilzerian
failed to establish that he reasonably relied on his return

preparer. Additionally, we found that Mr. Bilzerian failed to review the return adequately prior to signing and filing it.

Petitioner contends that the additions to tax for negligence for 1986 should be determined separately. Petitioner cites Reser v. Commissioner, 112 F.3d 1258 (5th Cir. 1997), affg. in part and revg. in part T.C. Memo. 1995-572, to support her contention. In that case, the Tax Court originally held that jointly filing taxpayers had not reasonably relied on their tax return preparers; thus, they were liable for the additions to tax for negligence. Reser v. Commissioner, T.C. Memo. 1995-572. The wife appealed; however, the husband did not. The Court of Appeals for the Fifth Circuit concluded that the wife had acted reasonably in relying on the return preparers and that she was not liable for the additions to tax for negligence. Reser v. Commissioner, 112 F.3d at 1271.

We find Reser v. Commissioner, supra, distinguishable because the husband in that case was not a party on appeal, and the Court of Appeals did not analyze whether the additions to tax for negligence should be determined separately in the case of spouses who file joint returns.

If a joint return is filed, the liability with respect to the tax is normally joint and several. Sec. 6013(d)(3); Gordon v. United States, 757 F.2d 1157, 1160 (11th Cir. 1985); Hedrick v. Commissioner, 63 T.C. 395, 403-404 (1974). For 1986, the

reference to "tax" included additions to tax, additional amounts, and penalties. Sec. 6662(a)(2). Thus, the additions to tax for negligence in this case apply jointly and severally because a joint return was filed.[9] Pesch v. Commissioner, 78 T.C. 100, 128-129 (1982); Davenport v. Commissioner, 48 T.C. 921, 926 (1967); Fleming v. Commissioner, T.C. Memo. 1989-10.

Petitioner and Mr. Bilzerian filed a joint return for the taxable year 1986. Under these circumstances, a determination that one spouse is liable for additions to tax results in the other spouse's also being liable therefor. Estate of Sperling v. Commissioner, T.C. Memo. 1963-260, affd. 341 F.2d 201 (2d Cir. 1965); see also Dillin v. Commissioner, 56 T.C. 228, 248 (1971). Accordingly, we hold that petitioner is liable for the additions to tax for negligence for 1986.

Decision will be entered

under Rule 155.

---

[9]Petitioner has not raised entitlement to relief from joint liability under either sec. 6013 or sec. 6015, which replaced sec. 6013.